IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHEENA PESANTI (a/k/a SHEENA HENSLEY),<br><br>       Plaintiff,<br>  vs.<br><br>CLARK HENSLEY, and individual; JUDGE LESLIE HALLIGAN, in her individual and official capacities; MISSOULA POLICE DEPARTMENT; and JOHN DOES 1-10,<br><br>       Defendants. | CV 25-161-M-KLD<br><br><br>FINDINGS &<br>RECOMMENDATION |

On October 8, 2025, Plaintiff Sheena Pesanti, who is proceeding pro se, lodged a Complaint against the above-named Defendants but did not file an application to proceed in forma pauperis under 18 U.S.C. § 1915(a) or pay the $405 civil filing. (Doc. 1). Also on October 8, 2025, the Clerk of Court mailed a Notice of Case Opening to Pesanti at the address provided to the Court. (Doc. 2). The Notice of Case Opening advised Pesanti that she must immediately inform the Clerk of Court of any change in address, and that failure to do so may result in dismissal of the case without notice. (Doc. 2 at 3). On October 28, 2025, the Notice of Case Opening was returned as undeliverable. (Doc. 3).

1

On October 29, 2025, the Court issued an order giving Plaintiff until November 20, 2025 to update her address and either pay the $405 civil filing fee or submit an application to proceed in forma pauperis. (Doc. 4). The Court provided Plaintiff with a copy of the Court's Application to Proceed in District Court without Prepaying Fees or Costs as an attachment to the order. The Court expressly cautioned Plaintiff that if she did not update her address and either pay the $405 civil filing fee or compete and submit the Application to Proceed in District Court without Prepaying Costs or fees on or before November 20, 2025, this case would be subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b).

Under Federal Rule of Civil Procedure 41(b), the Court has the authority to dismiss an action for failure to prosecute or to comply with a court order. *Fendler v. Westgate–California Corp.,* 527 F.2d 1168, 1170 (9th Cir.1975). Before dismissing an action as a sanction for failure to prosecute or failure to comply with a court order, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir.2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992)).

The first two factors relate "to the efficient administration of judicial

business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). Plaintiff has not complied the Court's order requiring her to update her address and to either pay the civil filing fee or submit an application to proceed in forma pauperis. Plaintiff's failure to take the steps necessary to proceed with this action has impeded the efficient administration of judicial business. The first two factors thus weigh in favor of dismissal.

The third factor requires the Court to consider the risk of prejudice to the Defendants. Because the Defendants have not yet been served or entered an appearance in the case, this factor is neutral. *See e.g.*, *Young v. Rosenbloom*, 2021 WL 413522, at *1 (D. Or. Feb. 5, 2021).

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints" or "allowing additional time." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.1981). Because Plaintiff has not complied with the Court's order, this case cannot proceed. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel*, 651 F.2d at 674. Having considered less drastic alternatives, the Court finds the fourth factor weighs in favor of dismissal.

The fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at 643.

This factor is outweighed by the factors discussed above, however, which weigh in favor of dismissing this matter based on Plaintiff's failure to comply with this Court's order.

For the reasons outlined above, the Court enters the following:

## RECOMMENDATION

IT IS RECOMMENDED that:

1. Plaintiff'' Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

2. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in good faith. The Court should direct the Clerk to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may object to this Findings and Recommendation within 14 days.

//

//

See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 24th day of November, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge